# AMANDA NEULEIB v. SAM ANTONOFF.[1]

January 11, 1935.

No. 30,173.

[1]Reported in 258 N. W. 309.

*Alvin W. Swanson* and *Melvin, Brown & Sherman,* for appellant.
*Dell & Rosengren* and *Lewis Ward Martin,* for respondent.

JULIUS J. OLSON, JUSTICE.

Defendant appeals from an order denying his alternative motion for judgment or a new trial.

The action arose out of a rear-end automobile collision which occurred November 6, 1930, on a graveled county road some seven miles south of Fergus Falls. Plaintiff was a passenger in an automobile driven by her son Walter. They were on their way from their farm home to a creamery at Fergus Falls intending to deliver cream, plaintiff also intending to do some shopping. On the way Walter had brought the car to a stop on the highway for the purpose of removing a blanket from the radiator, the blanket having been placed thereon because the weather was cold and he did not want the radiator to freeze. Plaintiff was riding in the front seat with Walter, sitting to his right. While the car was thus on the highway and while Walter was about to step out to remove the blanket, the car was struck from the rear by defendant's car, and plaintiff's injuries for which this action was brought are claimed to have been then and there sustained. They all went to Fergus Falls together, both cars proceeding thereto, at which place they talked matters over in the presence of a policeman. There was not any discussion in respect of personal injuries, but plaintiff claims to have suffered injuries because that same day she went to one Dr. Baker, by whom she was examined and given a "lamp treatment." Plaintiff stayed with friends in Fergus Falls about a week, visiting the doctor's office daily and receiving these treatments from a nurse. She later went back to her home but came back over a period of time for further treatments. Neither Dr. Baker nor the nurse was a witness at the trial. Plaintiff in her verified complaint stated that the accident happened March 15, 1930. That was her testimony at the trial, also the testimony of her son Walter, and of another witness for plaintiff, one Bertleson.

All of them referred to the accident as having taken place on March 15 instead of November 6. Plaintiff's physician, Dr. Naegeli, testified that plaintiff came to him for treatment in the summer of 1930, he thinks about the fourth of July, and that he continued during that summer to take care of her ailments. He was of the opinion that plaintiff was suffering with a sacroiliac sprain or dislocation. His was the only medical testimony for plaintiff. In behalf of defendant several medical experts were called whose opinions differ widely from those entertained by plaintiff's medical expert. Toward the end of the trial it became obvious that the accident could not have taken place March 15 but that it in fact took place November 6. The doctor who had treated plaintiff was not recalled for further testimony after this error was discovered. After the parties had rested plaintiff moved for leave to amend the complaint to conform with the proof. The court granted the motion over defendant's objection.

Two questions are submitted for decision: (1) Whether the verdict, even as reduced by the trial court, is supported by the evidence; and (2) whether the court erred in granting plaintiff's motion to amend the complaint at the close of the testimony. Defendant in his brief concedes that "defendant does not contend on this appeal that the evidence fails to support a finding that he was negligent." That issue being out of the case, we shall devote no further time to a consideration of the fact issues leading to the fastening of liability upon defendant.

Plaintiff recovered a verdict in the sum of $4,250. The court upon defendant's motion for judgment notwithstanding or a new trial granted a new trial conditionally, namely, that if plaintiff would accept a reduction of the verdict to $3,000 then the motion for a new trial would stand denied. Plaintiff duly consented to the reduction.

From what has been stated it is obvious that the medical testimony for plaintiff is left in a very unsatisfactory state. Plaintiff's doctor testified that he treated plaintiff for injuries that she had received in an automobile accident in the spring of 1930 and that he began treating her about July 4, 1930, several months before the

accident took place. Consequently plaintiff's case depends upon medical testimony not supported by the facts. If she was treated by her doctor during the summer of 1930 for sacroiliac sprain or dislocation, clearly this condition could not be ascribed to an accident occurring several months later. If plaintiff as a matter of fact suffered the injuries of which she complains and for which damages are sought, on November 6, 1930, her medical testimony must sustain her. As the record now stands, there is nothing upon which substantial recovery can be based. The amount of the verdict indicates that the jury believed that plaintiff suffered real and substantial injuries on account of the accident. Such being the case, with the record in the state here appearing, we believe that justice to both parties requires a new trial. If plaintiff's doctor had been recalled after discovery of the error and if he then had testified to the effect that the ailments for which he was treating plaintiff in fact arose subsequent to November 6, 1930, there would be something definite in the record upon which to base substantial recovery. As the situation now stands, plaintiff's medical proof is based solely upon supposed injuries and ailments existing long prior to the time when the accident actually happened. So on this record the position of defendant that the evidence does not support the verdict must be sustained.

In view of what has been said, it does not seem necessary further to comment upon the fact issues. As the case must go back for further trial, it is not improper to add that the amendment requested by plaintiff and granted by the court should be permitted to stand.

The question of negligence having been determined and the date when the accident actually happened having been ascertained so that neither party claims that it happened at any other time than November 6, 1930, the new trial will be limited to the only issue remaining, that of plaintiff's damages.

Reversed for a new trial as to the issue of plaintiff's damages only.